IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FELLY NZAU MBUNGA<br>A 201-468-314,<br><br>*Petitioner*,<br><br>v.<br><br>JOSEPH E. FREDEN,<br>   in his official capacity as ICE<br>   Deputy Field Office Director and<br>   Administrator of Buffalo Federal<br>   Detention Facility<br><br>*Respondent*. | VERIFIED PETITION FOR WRIT OF<br>HABEAS CORPUS PURSUANT<br>TO 28 U.S.C. § 2241 |

FILED MAR 04 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## INTRODUCTION

1. My name is Felly Nzau Mbunga A# 201-468-314 ("Mr. Mbunga"), the Petitioner.

2. Mr. Mbunga is a native and citizen of the Democratic Republic of Congo.

3. Mr. Mbunga is currently being detained by the Department of Homeland Security ("DHS") at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York. He has been in immigration detention since October 19, 2023, for a period of approximately sixteen (16) months.

4. On January 24, 2024, the Immigration Judge sustained charges of removability against Mr. Mbunga and ordered him removed to the Democratic Republic of Congo.

5. Mr. Mbunga appealed his removal order to the Board of Immigration Appeals ("BIA"), and on July 17, 2024, the BIA denied his appeal.

6. Mr. Mbunga is currently being detained by DHS pursuant to 8 U.S.C. § 1231(a)(6) because: (1) he has a final order of removal, and (2) because the ninety-day removal period has now elapsed.

7. Despite holding Mr. Mbunga in immigration detention for more than six months after receiving a final order of removal, DHS has not been able to effectuate his removal. Given DHS's delay thus far, there is no significant likelihood that Mr. Mbunga will be removed from the country in a reasonably foreseeable time. *See generally Zadvydas v. Davis*, 533 U.S. 678 (2001).

8. Accordingly, Mr. Mbunga respectfully request that the Court use its authority under 28 U.S.C. § 2243 to order the Respondent to file an answer and return within three days, unless they can show good cause for additional time. *See* 28 U.S.C. § 2243 (stating that an order to show cause why a petition for a writ of habeas corpus should be denied "shall be returned within three

1

days unless for good cause additional time, not exceeding twenty days, is allowed").

9. In order to permit full judicial review of the claims herein and requested relief, Mr. Mbunga also respectfully request that the Court order the Respondent not to transfer him outside the jurisdiction of this Court pending consideration of this Petition.

## PARTIES

10. Petitioner, Felly Nzau Mbunga, is detained at the Buffalo Federal Detention Facility.

11. Respondent Joseph E. Freden is sued in his official capacity as ICE Deputy Field Office Director and Administrator of the Buffalo Federal Detention Facility, at which Mr. Mbunga is currently detained.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under the United States Constitution. U.S. CONST. art. I § 9, cl. 2. This Court also has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2241 (habeas corpus), and 28 U.S.C. § 1651 (All Writs Act).

13. Additionally, this Court has jurisdiction to grant injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2202.

14. Venue is proper in the U.S. District Court for the Western District of New York because Mr. Mbunga is currently being detained at the Buffalo Federal Detention Facility in Batavia, New York, which is within the Western District. See 28 U.S.C. § 1391(e).

## EXHAUSTION OF REMEDIES

15. There is no statutory exhaustion requirement for a petition challenging immigration detention. *See Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014).

16. Mr. Mbunga is not required to exhaust administrative avenues to challenge his detention because the statutory authority that permits his detention provides no administrative vehicle for

doing so. *See* 8 U.S.C. § 1231(a)(6); *see also Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 249 (2d Cir. 2008) ("The exhaustion requirement is excused when exhaustion would be futile because the administrative procedures do not provide an adequate remedy.").

## LEGAL ARGUMENT

17. The Supreme Court has stated that "[f]reedom from . . . government custody [and] detention lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The Supreme Court further noted in Zadvydas that "[a] statute permitting indefinite detention of a [noncitizen] would raise a serious constitutional problem." *Id.* at 690.

18. The Due Process clause applies to all persons in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 ; *see also Plyler v. Doe*, 457 U.S. 202, 210 (1982) ("[Noncitizens], even [noncitizens] whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments.").

19. Congress authorized the DHS to detain noncitizens during a statutorily defined "removal period," during which the Department may effectuate the noncitizen's removal from the United States. 8 U.S.C. § 1231(a)(1). The removal period typically lasts for ninety days and starts at the latest of: (1) the date an order of removal becomes administratively final; (2) if a removal order is judicially reviewed and a stay of removal has been ordered, the date of the court's final order; or (3) the date the noncitizen is released from any detention other than for immigration purposes. 8 U.S.C. § 1231(a)(1)(B).

20. Under 8 U.S.C. § 1231(a)(2), noncitizens subject to final orders of removal "shall" be detained during the first ninety days—the "removal period"—and they "shall" be removed during

3

that period under § 1231(a)(1). Under 8 U.S.C. § 1231(a)(6), however, the government "may" continue detention beyond the 90-day removal period if a noncitizen falls within certain broad categories of removability or is determined "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).

21. The Supreme Court in *Zadvydas*, in order to avoid the serious due process concerns that would be presented by permitting detention for an indefinite period of time, construed 8 U.S.C. § 1231(a)(6) to authorize detention only where it is significantly likely that removal will occur in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 690. After a noncitizen meets his or her initial burden to show that no such likelihood of removal exists, the burden shifts to the Government to "respond with evidence sufficient to rebut [the noncitizen's] showing." *Id.* at 701.[1]

22. If a court finds removal is reasonably foreseeable, the court may still order release, and may consider the risk posed by the individual to community safety in determining whether to do so. *Id.* at 700. While dangerousness may justify immigrant detention in certain cases, the Court "uph[o]ld[s] preventive detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* at 691.

23. Mr. Mbunga's removal period began on July 17, 2024.

24. Mr. Mbunga's removal period expired on October 15, 2024, ninety days after its initiation. Mr. Mbunga is detained beyond the ninety days pursuant to 8 U.S.C. § 1231(a)(6).

---

[1] To the extent Respondent claims otherwise, the Supreme Court's decision in *Johnson v. Arteaga-Martinez* has no application here. 142 S. Ct. 1827 (2022). *Arteaga-Martinez* merely held that, as a matter of statutory construction, 8 U.S.C. § 1231(a)(6) does not require bond hearings after six months of detention. *Id.* at 1833. *Arteaga-Martinez* does not reach the question of what due process requires under the Constitution, nor does it undermine the presumption affirmed in *Zadvydas* that post-order detention becomes unreasonable after six months. *Id.* at 1834-35.

4

25. On August 06, 2024, Mr. Mbunga asked ICE, through BFDF's tablet ICE Detainee Request #474019261, when will removal to his country occur.

26. On August 08, 2024, Mr. Mbunga was informed that ICE has submitted a request and is pending issuance of his travel document in order to schedule his removal. *See BFDF's tablet ICE Detainee Request #474019261.*

27. In September 2024 Mr. Mbunga's Deportation Officer called him down to BFDF's Processing Area to inform Mr. Mbunga in-person that ICE cannot get him travel documents.

28. On February, 18, 2025, Mr. Mbunga asked his Deportation Officer, through BFDF's tablet ICE Detainee Request #533118941, if there were any updates in his removal since he has done all that has been asked of him, and because his detention is causing his family to stress and thus "everything else [is] getting heavier on [his] shoulder."

29. On February 19, 2025, Mr. Mbunga was informed that ICE just received a travel document for him, and that he is being scheduled for removal. *See BFDF's tablet ICE Detainee Request #533118941.*

30. The DHS's persistent inability to effectuate Mr. Mbunga's removal provides threshold evidence that there is not a significant likelihood of removal in the foreseeable future. *See Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (*quoting Singh v. Whitaker*, 362 F. Supp. 3d 93, 102-03 (W.D.N.Y. 2019)); *see also D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368, 404 (W.D.N.Y. 2009) ("[T]he burden upon the [detained person] is not to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite[.] . . . Rather, . . . the [detained person] need only provide good reason to believe that removal is not significantly likely in the reasonably foreseeable future.") (quoting parties' briefing in the case) (internal quotation marks omitted).

5

31. Accordingly, unless the Respondent can supply sufficient evidence to the contrary, they should now release Mr. Mbunga from their custody because his "continued detention [has become] unreasonable and [is] no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700.

32. Even if the court determines that removal is reasonably foreseeable, this court should order Mr. Mbunga's release because he is not a danger to the community. *Id.* at 700.

## CLAIM FOR RELIEF

### COUNT ONE:

*MR. MBUNGA'S PROLONGED DETENTION VIOLATES THE UNITED STATES CONSTITUTION*

33. Mr. Mbunga realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

34. Noncitizens who have been detained by DHS pursuant to its statutory authority under 8 U.S.C. § 1231(a) for over six months must be released from custody if there is no significant likelihood that they will be removed in the reasonably foreseeable future.

35. Continuing to detain Mr. Mbunga under 8 U.S.C. § 1231(a)(6) while there is no significant likelihood of his removal in the reasonably foreseeable future deprives him of his "strong interest in liberty," and therefore violates the Fifth Amendment of the United States Constitution. *U.S. v. Salerno*, 481 U.S. 739, 750 (1987). It further poses actual and substantial hardships and irreparable injuries to Mr. Mbunga.

36. Mr. Mbunga has no adequate remedy at law other than the instant petition for a writ of habeas corpus.

6

## PRAYER FOR RELIEF

WHEREFORE, I pray that this Court grants the following relief:

1. Assume jurisdiction of this matter;

2. Use its authority under 28 U.S.C. § 2243 to:

    i. Order the Respondent to file an Answer and Return within 3 days of the filing of the petition, unless they can show good cause for additional time;

    ii. Order Mr. Mbunga's Reply be filed 15 days after the Court sets the deadline for Respondent's Answer and Return;

    iii. Order the Respondent not to transfer Mr. Mbunga outside the Western District of New York during the pendency of this Petition;

3. Issue a writ of habeas corpus ordering the Respondent to immediately release Mr. Mbunga with reasonable terms of supervised release; and

4. Grant any further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that I am Felly Nzau Mbunga, the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.

Respectfully submitted,

DATED: **February 26, 2025**

Felly Nzau Mbunga
A #201-468-314
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

7

MBUNGA, Felly Nzau                                           **DETAINED**
File No: A201-468-314

### CERTIFICATE OF SERVICE

I, Felly Nzau Mbunga (A# 201-468-314), hereby certify that I served an original and two copies of the **Habeas Corpus Petition**, the **Civil Cover Sheet**, and a **$5.00 USPS Money Order** for the **Filing Fee** to the Clerk of the United States District Court by the United States Postal Service (USPS) to the below address:

__X__    Regular Mail (U.S.P.S.)

        Clerk of the United States District Court
        U.S. Courthouse
        100 State Street
        Rochester, New York 14614

Dated: February 26, 2025

_[signature]_
Felly Nzau Mbunga
A# 201-468-314
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

_Aaron A. Stahl_
2/26/25

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Felly Nzau Mbunga, A# 201-468-314

### DEFENDANTS
Joseph E. Freden, in his official capacity as ICE Deputy Field Office Director and Administrator of the Buffalo Federal Detention Facility

(b) County of Residence of First Listed Plaintiff: **Genesee County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Genesee County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

[Nature of suit checkboxes — 463 Habeas Corpus - Alien Detainee checked]

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2241
Brief description of cause:
Ongoing detention violates due process

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: Wolford
DOCKET NUMBER: 24-cv-6478

DATE: February 26, 2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Pro se

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT $5.00 APPLYING IFP _____ JUDGE Wolford MAG. JUDGE _____

